JOHNSON v. BRETT ET AL.

1. **Tax Sale:** ENJOINING EXECUTION OF DEED: PLAINTIFF WITHOUT
INTEREST. One who fails to show an interest in land sold for taxes can-
not maintain an action to restrain the county treasurer from executing
a deed to the purchaser; and an examination of the evidence in this case
(see opinion) fails to show that plaintiff had any interest in the land in
question.

*Appeal from Butler Circuit Court.*

THURSDAY, JUNE 12.

ACTION in equity to restrain the defendant, Ray, who is
county treasurer, from executing a tax deed to certain lands
to the other defendants. There was a decree in accordance
with the prayer of the petition. Defendants appeal.

*Gibson & Dawson*, for appellants.

*Craig & Smith* and *H. C. Hemenway*, for appellee.

REED, J.—The petition alleges that in 1877, Phineas
Weed was the owner of an undivided one-third of a tract of
three hundred and sixty acres of land, and that he executed
a mortgage thereon to H. Howard, to secure the sum of $2,600;
that afterwards the whole of the indebtedness secured by
said mortgages, except the sum of $130, was assigned to
plaintiff; and that, in 1880, a suit was instituted by him to
foreclose said mortgage, and that judgment was rendered for
the amount then *due*, and for the foreclosure of the mort-
gage, and the case was continued as to the notes not then
due, and that special execution was issued on said judg-
ment and a portion of the property sold thereon, plaintiff
being the purchaser; that in 1877 the land was sold by
the county treasurer for delinquent taxes, and afterwards the
certificates of sale were assigned to defendant, William Brett,
but that he owned a fee simple interest in the land at the

time the certificates were assigned to him, having purchased the interest of Webb in the land, and being also the owner of the other two-thirds interest therein; that after he acquired said certificates he conspired with defendant, Woodford, to fraudulently defeat plaintiff's right under his mortgage and judgment, by assigning said certificates to him, and that this assignment was made for the purpose of enabling Woodford to obtain a tax title on the premises, which would be superior to plaintiff's interest therein. It is also alleged that Brett had notice of the existence of the mortgage under which plaintiff claims, when he purchased the interest of Webb. The answer admits that Brett made the purchase from Webb, and that he had notice of said mortgage, but puts the other allegations of the petition in issue.

Under the issue, the existence of the mortgage is admitted, but it is denied that plaintiff owns said mortgage, or that he has acquired any interest in the property thereunder; and the first position urged by appellant is, that the evidence does not establish that plaintiff is the owner of the mortgage, nor that she has any interest in the property. Neither the notes, which evidence the indebtedness from Webb to Howard, or the mortgage, nor any assignment of them, was introduced in evidence. Nor is it proved that plaintiff ever had these papers in his possession; nor was the record of the alleged judgment of foreclosure, or of any of the proceedings thereunder, introduced in evidence. There is an entire absence of any record or documentary evidence showing any interest in plaintiff in the subject-matter of the controversy.

It is claimed by plaintiff, however, that her interest is shown by parol. Defendant, William Brett, was examined as a witness on plaintiff's behalf, and testified that he owned the undivided two-thirds of the tract of land; also, that he had a quit-claim from Weed for the other one-third; that he did not know who owned this interest, but supposed plaintiff held the mortgage on it; that he took the quit-claim from Weed to enable him to hold the crops on the land until

the mortgage should be foreclosed.    One of the attorneys who appeared for plaintiff was sworn as a witness, and testified that he was also attorney for her in the foreclosure suit, and that he had control of the claim against.Weed, and knew the steps which had been taken to collect it, and that on two occasions, before this suit was instituted, he talked with Brett in relation to the amount of taxes due on the land, and that Brett stated that it would take about $1,800 to redeem the land from the tax sale; and that at one time they agreed upon a settlement of all matters in controversy between them.

This is the evidence on which plaintiff relies to establish her interest, and it is all the evidence which it is claimed has any tendency to prove that she has any interest in the property.

We think it is entirely insufficient to establish such interest.    It cannot be claimed that the testimony of the witness, Brett, shows that he had any knowledge as to the ownership of the mortgage, nor does it prove any fact which tends to show plaintiff's interest.    It is to the effect, simply, that he supposed plaintiff owned the mortgage.    A party cannot prove his title by evidence of this character.    The evidence of the other witness is not more satisfactory.    It proves no more than that he has control of the mortgage, and that a suit is being prosecuted by plaintiff to foreclose it.    It does not show that any right has been established by the proceeding, nor that plaintiff ever acquired any interest in the mortgage or the property; neither does it show such a state of facts as that an interest in her will be presumed therefrom. It is not shown that she ever had the notes or mortgage in her possession; nor does it show that the witness, as her attorney, had them in possession.    He swears, it is true, that he had control of them, and that he was prosecuting a suit in her behalf upon them.    But this does not show that they were in his possession, nor does it raise a presumption that she has an interest in or title to them.    Plaintiff, then, having failed to establish that she has any interest in the prop-

erty in dispute, it is unnecessary for us to go into the other questions involved in the case.

The judgment of the circuit court is, therefore,

REVERSED.